

# IN THE
# TENTH COURT OF APPEALS

## No. 10-19-00354-CR

**JUSTIN SHANE KING,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 77th District Court
Freestone County, Texas
Trial Court No. 19-036-CR**

## DISSENTING  OPINION

If it had been just the motion in limine presented and discussed while the defendant was not present, on this record, I could probably join the Court's decision. But it was not just the motion in limine. After the motion was discussed and decided, when it was clear that everyone knew the defendant was not in the courtroom, the attorneys and the trial court further discussed matters that, if nothing else, could have impacted the trial court's attitude towards the defendant when the defendant's trial counsel

suggested the defendant might be disruptive. Why counsel felt compelled to bring it up at this time, when his client was not present, is not clear; but it is problematic. This problem morphed into an assertion by defense counsel that the defendant thought he could fire the attorney and delay the trial. This disclosure and discussion, a/k/a a hearing, outside the presence of the defendant presents a problem of constitutional dimension.

Moreover, it is what happened *in the record*, but not *on the record*, that is most troubling to me. The trial court had already twice suggested that Mr. King should be brought into the courtroom.[1] The following exchange then took place:

> THE COURT: Okay. Then I will grant them. Why don't we -- you want to go ahead and have Mr. King come on in? Is there anything else we need to take up?
>
> [DEFENSE COUNSEL]: Other than the fact that he believes he can fire me and get another attorney and delay this trial.
>
> THE COURT: No, I'm not going to delay it –
>
> [DEFENSE COUNSEL]: Oh, I agree.
>
> (*Bench discussion, off the record.*)
> (*Open court, defendant and jury panel not present.*) [emphasis added]
>
> THE COURT: Let me say this: I'm going to do voir dire as if he's going to enter a plea of "not guilty." Okay? That way we will ask him and if [he] decides he wants to, hey, that's okay. You see what I'm saying? I don't want to get into this, then, all of a sudden, he changes his mind and we have to declare a mistrial.

---

[1] It is clear that the trial court did not want to proceed without the defendant present. Having done so, however, the only way to overcome the problem of a hearing off the record would have been to explain to the defendant on the record what had happened while he was out of the courtroom. This would, arguably, have allowed the defendant and this Court to know what happened during the time the proceedings continued while the defendant was not present.

This means that during the hearing, when the trial court and defense counsel knew the defendant was outside the courtroom but was readily available, a hearing occurred "off the record." I do not know what occurred during the hearing off the record; and neither do you. Under the applicable standard of review, because I do not know what happened, I cannot reach the necessary conclusion to hold the error harmless that "beyond a reasonable doubt, the error did not affect the outcome of the trial." This might be the time to note that the defendant was sentenced to the maximum punishment for the offense as enhanced. Thus, being unable to find that the constitutional error was harmless, I would reverse the judgment of the trial court and remand for a new trial. Because the Court affirms the trial court's judgment, I respectfully dissent.

TOM GRAY
Chief Justice

Dissenting opinion delivered and filed September 23, 2020
Publish

